Andrews, J.
It was held by this court, in the case of The People ex rel. Rogers v. Spencer,* decided at the present term, that the jurisdiction of the county judge to exercise any authority or to make any adjudication under the act of 1869 (Laws of 1869, chap. 907) was contingent upon the presentation to him, in the first instance, of a petition in conformity with the act. The court in that case reversed an adjudication made by the county judge, on the ground that the petition did not state that the railroad company named therein was a railroad company in this State, although that fact was proved on the hearing.
The petition presented to the county judge, in the proceedings instituted to authorize the town of Gorham to issue its bonds in aid of the “ Geneva and South-western Railway Company,” substantially conformed to the requirements of the act of 1869. It set forth that the petitioners were a majority of the tax-payers of the town, whose names appeared upon the last preceding assessment roll as representing a majority of the taxable property therein; and that they desired that the bonds, of the town might be issued to an amount named in the petition, and invested in the stock of the said company, which was alleged to be a railroad corporation within this State.
The act of 1869 was amended in 1871 (Laws of 1871, chap. 925), so as to require that the petition should show that the petitioners were a majority of the tax-payers of the municipal corporation to which the petition related, “not including those taxed for dogs or highway tax only.” This amendment was in force when the petition in this ease was *138 presented to the county judge. The amendment of 1871 made an important change in the law. It excluded certain tax-payers from the class of qualified petitioners, and made it necessary, before a debt could be created under the act, that a majority of the tax-payers, other than those assessed for dogs or highway tax only, should assent thereto. Under the act of 1869, the creation of the debt was authorized if the majority of the whole number of tax-payers in the locality, representing a majority of the taxable property, consented. The assenting tax-payers might constitute a majority of the tax-payers, and yet not be a majority, excluding those taxed for dogs or highway tax only. The object of the amendment of 1871 was to prevent the creation of a debt for railroad purposes by municipal corporations, unless a majority of the tax-payers having a substantial pecuniary interest in the question should assent to it.
The petition in this case did not show that the petitioners were a majority of the tax-payers of the town of Gorham, excluding those taxed for dogs or highway tax only, and the county judge acquired no jurisdiction of the proceeding. His authority could only be invoked' by the presentation of a petition in conformity with the statute, and he could not on his own motion dispense with the performance of a condition precedent to the exercise of the authority conferred by the act.
The county judge' proceeded to the hearing of the case, and, after the proofs were taken, refused to appoint commissioners, on the ground that the requisite assent of the taxpayers of the town had not been established.
The General Term reversed the adjudication, and remanded the case for a rehearing before the county judge.
The question considered in The People ex rel. Rogers v. Spencer was not brought to the attention of the court below, and, so far as appears from the case, the question of the jurisdiction of the officer was not considered by it.
The whole proceeding before the county judge was cora/tn non judice, and void.
*139 The hearing before him was a nullity; and as his determination resulted in the dismissal of the proceedings, which he could never have legally entertained, no error committed on the hearing could justify a reversal.
The judgment of the General Term should be reversed.
All concur; Iolger, J., not voting.
Judgment reversed.

 Supra, p. 1.